UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| BARB ANNE NYREEN, <br><br> Plaintiff, <br> vs. <br><br> POET, L.L.C., <br> Defendant. | CIV. 18-4118 <br><br> **MEMORANDUM OPINION AND ORDER** |

Pending before the Court is Defendant's motion to dismiss Count III of Plaintiff's complaint alleging defamation/slander, or in the alterative, motion for more definite statement. Doc. 6. For the following reasons, Plaintiff's motion for more definite statement is granted.

## BACKGROUND

On August 21, 2018, Plaintiff, Barb Anne Nyreen, served Defendant, POET, L.L.C., with a Summons and Complaint in the case of *Barb Anne Nyreen v. POET, L.L.C.*, Civ. No. 18-2568, pending in the Second Judicial Circuit, Minnehaha County Circuit Court, South Dakota. Doc. 1, 1-1. In her complaint, Plaintiff alleges claims for age discrimination, negligent infliction of emotional distress, and defamation/slander. Doc. 1-1. On September 9, 2018, Defendant filed a notice of removal to the United States District Court for the District of South Dakota, Southern Division. Doc. 1.

This Court has federal question jurisdiction over Count I of Plaintiff's complaint alleging age discrimination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA"). The Court has supplemental jurisdiction over the state law claims alleged in Counts II and III of Plaintiff's complaint pursuant to 28 U.S.C. § 1367.

On October 26, 2018, Defendant filed a motion to dismiss Count III of the complaint alleging defamation/slander pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted, or in the alternative, a motion for more definite statement pursuant to Rule 12(e). Doc. 6.

## LEGAL STANDARD

1

Rule 12(b)(6) Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A plaintiff must demonstrate a plausible claim for relief, that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. (citation omitted).*

Rule 12(e) Standard

Under Rule 12(e) of the Federal Rules of Civil Procedure, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. *Id.* While such motion is permissible under the Rules, "[m]otions for a more definite statement are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response." *Broin & Associates, Inc. v. Genecor Int'l, Inc.*, Civ. No. 04-4202, 232 F.R.D. 335, 340 (D.S.D. Jul. 26, 2005) (citing *Shaffer v. Eden*, 209 F.R.D. 460, 464 (D. Kan. 2002)).

**DISCUSSION**

In the present case, Plaintiff alleges that on August 2, 2017, during a meeting at a Perkins restaurant with the Director of Human Resources of POET, L.L.C., the Director told Plaintiff that she had "outgrown her position." Doc. 1-1, ¶ 20. In Count III of the complaint alleging defamation/slander, Plaintiff alleges that Defendant "defamed and slandered [Plaintiff] by

2

speaking/writing and circulating malicious, untrue and damaging comments about her job performance." Doc. 1-1, ¶ 40.

Defamation is either libel or slander, and Plaintiff's complaint indicates that she is alleging slander. SDCL § 22-11-2. In South Dakota, slander is statutorily defined as "a false and unprivileged publication." SDCL § 20-11-4. The Eighth Circuit Court of Appeals has stated that "unless [a] complaint[] set[s] forth the alleged defamatory statement and identif[ies] to whom they were published, [the defendant] is unable 'to form responsive pleadings.'" *Freeman v. Bechtel Contr. Co.*, 87 F.3d 1029, 1031 (8th Cir. 1996) (quoting *Asay v. Hallmark Cards, Inc.*, 594 F.2d 692, 699 (8th Cir. 1979)); *Hernandez v. Avera Queen of Peace Hosp.*, 886 N.W.2d 338, 346 (S.D. 2016) (dismissing defamation claims because plaintiff's complaint did not allege facts, which, taken as true, raised more than a speculative right to relief); *cf. Mann v. Haley*, Civ. No. 05-0985, 2006 WL 118377, at *3 (E.D. Ark. Jan. 13, 2006) (concluding that a complaint that provides the alleged defamatory statements made by the defendants as well as the specific injuries the plaintiff suffered as a result sufficiently stated a claim upon which relief may be granted). It has also been held that "[i]n an action for slander or libel the words alleged to be defamatory must be pleaded and proved." *Holliday v. Great Atl. & Pacific Tea Co.*, 256 F.2d 297, 302 (8th Cir. 1958).

The Court agrees that Count III of the complaint is too vague. While a claim for defamation/slander need not be pleaded with specificity, the Court concludes that Plaintiff has not alleged facts which, taken as true, state a claim for defamation/slander under South Dakota law. Plaintiff does not allege what was said or to whom Defendant published the alleged "malicious, untrue and damaging comments about [Plaintiff's] job performance." Without these facts, Defendant cannot defend itself by forming a responsive pleading, nor can this Court say that Plaintiff has adequately stated a claim upon which relief may be granted

Accordingly, it is hereby ORDERED that:

1) Defendant's motion for more definite statement, Doc. 6, is GRANTED; and

2) Plaintiff's claim of defamation alleged in Count III of the complaint will be dismissed without prejudice unless Plaintiff amends her complaint and provides this Court with a more definite statement as to the grounds constituting her defamation/slander claim in Count III of the complaint within thirty (30) days of this order.

Dated this 11th day of September, 2019.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THIELEN, CLERK

*[signature]*